Patric A. Lester (SBN 220092)
pl@lesterlaw.com
Lester & Associates
5694 Mission Center Road, #358
San Diego, CA 92108
Phone: (619) 283-6078
Fax: (314) 241-5777

Attorneys for Plaintiff

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE TAYLOR,<br><br>                Plaintiff,<br><br>vs.<br><br>BLUESTEM BRANDS, INC. D/B/A FINGERHUT, A DELAWARE CORPORATION,<br><br>                Defendant | Case No. **'15CV2054 AJB BGS**<br><br>**COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1. This is an action for actual damages, statutory damages, attorney fees and costs brought by an individual consumer, Jacqueline Taylor, (hereinafter "Plaintiff") against Bluestem Brands, Inc. d/b/a Fingerhut, a Delaware Corporation (hereinafter "Defendant") practice of making unauthorized phone calls to cellular telephones under the Telephone Consumer Protection Act, 47 U.S.C. §227, *et seq.* ("TCPA"). The TCPA prohibits unsolicited voice calls to cellular telephones without prior express written consent within the meaning of the TCPA.

## JURISDICTION

2. This Court has jurisdiction under 28 U.S.C. §1331, §1337, and 47 U.S.C. §227 (TCPA).

3. As Defendant does business in the state of California, and committed the acts that form the basis for this suit in the state of California, this Court has personal jurisdiction over Defendant for purposes of this action.

4. Defendant regularly does business in this District by mailing catalogs, selling items from its catalog, delivering them to customers and making calls to customers.

## THE PARTIES

5. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. §153(39) residing in Los Angeles County, California.

6. Defendant is an online retailer and national catalog business. Its principal place of business in Minnesota located at 6509 Flying Cloud Drive, Eden Prairie, Minnesota 55344 with a registered agent of, CT Corporation System Inc, Northwest Midland Bank Bldg., Minneapolis, MN 55402.

7. Defendant is and at all times mentioned herein was, a "person" as defined by 47 U.S.C. §153(39)

8. Plaintiff makes the following allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to plaintiff's counsel, which Plaintiff alleges on personal knowledge.

9. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

10. In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. §227 (TCPA), in response to a growing number of consumer complaints regarding certain telemarketing practices.

11. The TCPA regulates, among other things, the use of automated telephone equipment, or "auto-dialers." Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of auto-dialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

12. According to findings by the Federal Communication Commission

("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

13. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the "prior express consent" of the called party. The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."

**FACTS**

14. On or about August 25, 2015, Plaintiff received a collection call on her cellular telephone number ending in "0348" ("cell phone") from Defendant.

15. Defendant repeatedly contacted Plaintiff on her cell phone and received numerous calls on her cell phone from Defendant.

16. Defendant continued to call Plaintiff in spite of her telling the caller, on several of those calls on August 28, 31, 2015 and September 8, 2015, to stop calling her and that she was not the person whom they were attempting to cponact.

17. Plaintiff never consented to receive calls on her cell phone from the Defendant.

18. All telephone contact by Defendant to Plaintiff on her cell phone occurred via an "artificial or prerecorded voice" and/or "automatic telephone dialing system," as defined by 47 U.S.C. §227(a)(1), and all calls that are the subject of this Complaint occurred on or after the date that is one year prior to the filing of this Complaint.

19. The telephone number that Defendant called to contact Plaintiff, using an

"artificial or prerecorded voice" and/or made by an "automatic telephone dialing system," was assigned to a cellular telephone service as specified in 47 U.S.C. §227(b)(1)(A)(iii).

20. The complained of telephone calls constituted calls not for emergency purposes as defined by 47 U.S.C. §227(b)(1)(A)(i).

21. Defendant's telephone calls to Plaintiff's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system" were for non-emergency purposes and in the absence of Plaintiff's prior express consent violated 47 U.S.C. §227(b)(1)(A).

22. Defendant's misconduct in placing telephone calls to Plaintiff's cell phone after being told by her on August 28, 31, 2015 and September 8, 2015 to stop calling her was willful and knowing and Plaintiff is entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b) (3) (C).

## FIRST CLAIM FOR RELIEF

**(Negligent Violations of the Telephone Consumer Protection Act)**

23. Plaintiff incorporates the above factual allegations herein.

24. Defendant made unsolicited commercial phone calls to the wireless telephone number of Plaintiff using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator and/or were made utilizing an "artificial or prerecorded voice".

25. These phone calls were made after oral revocation by plaintiff of prior express consent.

26. Defendant has therefore violated the TCPA, 47 U.S.C. §227(b)(1)(A)(iii), which makes it unlawful for any person within the United States … to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice …."

27. As a result of Defendant's illegal conduct, Plaintiff suffered actual damages and, under section 227(b) (3) (B), is entitled to, inter alia, a minimum of $500.00 in damages for each such violation of the TCPA.

## SECOND CLAIM FOR RELIEF

**(Knowing and/or Willful Violations of the Telephone Consumer Protection Act)**

28. Plaintiff incorporates by reference all of the above paragraphs before her Third Count for Relief as though fully stated herein.

29. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

30. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b) (3) (B) and 47 U.S.C. § 227(b) (3) (C).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant:

A. As a result of Defendant's negligent violations of 47 U.S.C. §227(b)(1), Plaintiff seeks $500.00 in statutory damages for each and every call that violated the TCPA;

B. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. §227(b)(1), Plaintiff seeks treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

C. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

D. Such other relief as the Court deems just and proper.

## TRIAL BY JURY

Pursuant to the seventh amendment to the Constitution of the United States of

America, Plaintiff is entitled to, and demands, a trial by Jury.

Dated September 15, 2015                By      **Lester & Associates**
                                                s/ Patric A. Lester
                                                Attorney for Plaintiff,
                                                E-mail: pl@lesterlaw.com